{¶ 1} I concur in the majority's analysis and disposition of appellant's first assignment of error. However, I respectfully dissent from the majority's analysis and disposition of appellant's second assignment of error.
 {¶ 2} The majority relies upon this Court's analysis in Egeltonv. United States Fire Ins. Co., Stark App. No. 2002CA00157,2002-Ohio-6176, wherein this Court held the specific inclusion of "covered auto" in the definition of "you" as an insured placed the definition outside the holding of Scott-Pontzer. The policy definition at issue in Egelton was contained in a UM/UIM endorsement. Unlike Egelton,
UM/UIM coverage in the case sub judice arises by operation of law. Accordingly, I find the majority's reliance on Egelton misplaced.
 {¶ 3} Because UM/UIM coverage arises by operation of law, any language in the liability policy restricting insurance coverage does not apply. Tulak v. Meridian Ins. Co. (June 13, 2003), Tuscarawas App. No. 2002AP110088, 2003-Ohio-3290, citing Hopkins v. Dyer, Tuscarawas App. No. 2001AP080088, 2002-Ohio-1576. Therefore, I dissent from the majority's decision appellant is not an insured under the policy.